IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          CASE No.    17-19004-RAM
MARTA VICTORES                                      Chapter 13

DEBTOR(S).
_____/

**OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN [DE # 15]**

Secured Creditor Ditech Financial, LLC (the "Secured Creditor") objects to confirmation of Debtor's Chapter 13 Plan [DE # 15] (the "Plan") for the following reasons:

1. Secured Creditor's claim is by a mortgage security interest encumbering real property located at **52 NW 25 Avenue, Miami, FL 33125** that is the debtor's real property. Secured Creditor's Proof of Claim No. 1-1 was filed timely on October 31, 2017.

2. **The Debtor's Plan, Petition, and Schedules Omit the Collateral Property.** The Debtor's proposed Plan, Petition, and Schedules fail to list the subject Property as an asset of the Debtor. Upon information and belief, the Debtor may have a paying tenant in this Property without disclosing this asset or rental income to the Trustee.

3. **The Plan Fails to Pay Arrearage.** There is a current monthly mortgage installment of $980.04 per Proof of Claim No. 1-1 of which the Plan fails to pay, and the pre-petition arrearage balance is $39,671.00 per Proof of Claim No. 1-1. Total Claim is $116,188.41. The value of property to be distributed to the Secured Creditor under the Plan is less than the allowed amount of its claim in violation of 11 U.S.C. §§ 1322(b)(2) and 1325. A Plan which does not accomplish payment of pre-petition arrearages in full does not result in a discharge in bankruptcy of the unpaid pre-petition arrearages under the holding of *In re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821 (11th Cir. 2003):

> We hold that although the parties are bound to the terms of the Plan, as confirmed, Universal's secured claim for arrearage survives the Plan and it retains its rights under the mortgage until Universal's claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, Universal will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim. *Bateman, supra.*, at 834.

Therefore it is in the Debtor's interest as well as their obligation to pay the full amount of the arrearage through their chapter 13 plan, in order to avoid a foreclosure for these amounts at the conclusion of the plan.

4. **Debtor lacks disposable income to fund plan.** Schedule J states that Debtor's monthly net income is $-180.00, which monthly disposable income is insufficient to pay the current monthly mortgage installment payments of $980.04, and leaves no disposable income to pay any amounts on the $39,671.00 arrearage, or the Trustee's fees and other items. Confirmation of the Chapter 13 Plan should be denied pursuant to 11 U.S.C. § 1325(a)(6) because Debtor will not be able to make all payments under the plan or to comply with the plan.

5. **Plan uses incorrect commitment period.** The Plan provides for a 60 month commitment period, but Debtor's Form 122C Statement of Current Monthly Income [DE # 4] requires a 36 month commitment period pursuant to 11 U.S.C. § 1322(d)(2) and § 1325(b)(4).

6. Secured creditor is entitled to attorneys fees pursuant to 11 U.S.C. § 1322(e) which fees should be added to the balance due on the Note and Mortgage pursuant to the terms of those documents, but attorneys fees should not be a personal obligation of the Debtor.

WHEREFORE Creditor requests that this Honorable Court enter an Order denying Confirmation of Debtor's Chapter 13 Plan and dismissing the Chapter 13 bankruptcy with prejudice, together with fees as set forth above.

Our Case #: 17-001792-OBJ\17-19004-RAM\GREENTREE
File No 3172-N-3580

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  November 6 , 2017, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

U.S. Trustee Southern District of Florida
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Nancy K. Neidich
POB 279806
Miramar, FL 33027
ecf2@ch13herkert.com

and on  November 6 , 2017, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Marta Victores
60 NW 25 Ave
Miami, FL 33125

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Gladstone Law Group, P.A.**

**BY:** /s/ Spencer Gollahon
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 647799
ecf@gladstonelawgroup.com
sgollahon@gladstonelawgroup.com

Our Case #: 17-001792-OBJ\17-19004-RAM\GREENTREE
File No 3172-N-3580