**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI)**

IN RE:                                              Case No.: 17-19004-RAM

MARTA VICTORES,                                     Chapter 13

_____Debtor._____/

**RESPONSE OF DITECH FINANCIAL LLC**
**TO DEBTOR'S OBJECTION TO CLAIM [D.E. 54]**

Comes now Secured Creditor, Ditech Financial LLC, and files its written response to the

Debtor's Objection to Claim [D.E. 54] as follows:

1. Ditech Financial LLC is a secured creditor holding a secured claim against the
   Debtor's property, 52 Northwest 25 Avenue, Miami, FL 33125 in the
   approximate amount of $116,118.41.   The amount of the claim as of the date
   of filing is more fully set forth in the Creditor's Proof of Claim 1-1.

2. In addition, Ditech Financial LLC holds another secured claim against the
   Debtor's property, 60 NW 25 Ave, Miami, FL 33125 in the approximate
   amount of $95,000.83.   The amount of the claim as of the date of filing is
   more fully set forth in the Creditor's Proof of Claim 2-1.

3. The Secured Creditor's filing of the proof of claim is prima facie evidence of
   the amount due pursuant to Fed. Bankr. P. 3001(f).

4. The Debtor, by way of her objection, has failed to articulate a valid basis for
   the objection as well as recommended disposition. For instance, the Debtor
   states "wrong amounts calculated" and "all records to be subpoena". These are
   not valid reasons for an objection. Moreover, the Debtor has failed to rebut the
   prima facie evidentiary status of the proof of claim. *See In re Pursley, 451 B.R.*
   *213 (M.D. GA 2011)* (stating that if a proof of claim achieves prima facie

evidentiary status, burden going forward with evidence contesting the claim shifts to the objector.)

5.  In addition, the Debtor has failed to comply with the service requirements of Fed. Bankr. P. 3007(a) as incorporated by local rule 3007-1(a), which provides in part "A party filing an objection to claim shall serve a copy of the objection on (1) the claimant at the claimant's address of record or, if the claim has been transferred, at the transferee's address of record, and on (2) any attorney of record in the bankruptcy case for the claim holder."

6.  Here, the Debtor has failed to properly serve the objection to claim in accordance with the aforementioned rules. By the same token, the Debtor has also failed to file a certificate of service in accordance with Local Rule 2002-1(F).

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court will deny the Debtor's Objection to Claims 1 and 2, and allow the Claims as filed.

DATED this 22nd day of May, 2018.

Respectfully submitted,

/S/ Seth Greenhill

_____

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on

this _____ day of May, 2018:

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

## <u>SERVICE LIST (CASE NO. 17-19004-RAM)</u>

Debtor – Pro Se
Marta Victores
60 NW 25 Ave
Miami, FL 33125

Attorney for Debtor
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027